UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SVETLANA ARIZANOVSKI, | ) Cause No.: 1:09-cv-1404 RLY-DML |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Svetlana Arizanovski (hereinafter, "Arizanovski" or "Plaintiff"), by and through her attorney, alleges the following against Defendant, Wal-Mart Stores, Inc. (hereinafter, "Defendant" or "Wal-Mart").

### NATURE OF THE ACTION AND JURISDICTION

1. This Complaint is being filed by Arizanovski pursuant to Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e et seq.).

2. Plaintiff seeks to obtain relief for unlawful employment practices on account of sex which occurred in Indianapolis, Indiana at the Wal-Mart on Lafayette Road, Indianapolis, Indiana. Wal-Mart, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination and retaliation against Plaintiff on account of her pregnancy.

3. The jurisdiction over the original complaint arises under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*), 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. Pursuant to 28 U.S.C. § 1367, Arizanovski invokes the supplemental jurisdiction of this Court to redress the causes of action for negligent supervision, vicarious liability under the

1

theory of *respondeat superior,* intentional infliction of emotional distress and negligent infliction of emotional distress.

## PARTIES

4. Arizanovski is an adult female and native and citizen of Macedonia. Arizanovski currently resides in the City of Indianapolis, Marion County, State of Indiana.

5. Wal-Mart is an Arkansas corporation and is authorized to do business in the State of Indiana.

## STATEMENT OF FACTS

6. Arizanovski is a forty-year old female of Macedonian descent.

7. Arizanovski began working for Wal-Mart at its Indianapolis, Indiana location at Lafayette Road around November 2007. She was employed through May 2009, as a stocker in the produce department.

8. As a stocker in the produce department and elsewhere, Arizanovski was required to lift or push heavy pallets exceeding twenty (20) pounds. On occasions, Arizanovski was required to remove heavy cases of products from high pallets to stocking. For example, Arizanovski was sometimes required to lift a full case of tomatoes which exceeded twenty pounds.

9. Around November 2008, Arizanovski learned that she was pregnant. Around January 12, 2009, while at work, Arizanovski felt a slight discharge causing her to seek immediate attention at St. Vincent Hospital's emergency room. She was ultimately referred to her family physician for ultra-sound examination and further analysis. Upon complete examination, Arizanovski's family physician found both mother and baby to be healthy. On the same date,

Dr. Arthur Galstian issued a pregnancy/delivery statement warning that Arizanovski must avoid lifting 20 pounds or more.

10. Upon returning to work, Arizanovski presented the physician's note to Nyra (full name unknown) and Eddie Houston requesting a lighter assignment. However, Nyra and Houston refused to assign her to a lighter assignment. On January 25, 2009, Arizanovsksi was again assigned to stock grocery products in aisle 3. Arizanovski told Mr. Houston that she should not be working at aisle 3 because she would be required to lift boxes over 20 pounds. Mr. Houston and Nyra failed to heed Arizanovski's concern. For fear of losing her job, Arizanovski continued working at aisle 3 carrying boxes exceeding 20 pounds.

11. During this same period, Arizanovski worked for Henry Schien performing packing. Arizanovski presented her physician's restriction note to her supervisor at Henry Schien. At this place of employment, Arizanovski was immediately placed on light duty.

12. On that same day, while working at aisle 3, Arizanovski began experiencing pain in the stomach. Arizanovski went to the bathroom and noticed slight bleeding. Arizanovski came back and reported to her manager that she was feeling pain and that she noticed slight bleeding. Her manager refused to listen or pay attention to Arizanovski's concern. Fearing that she would lose her job, Arizanovski continued until 7:00 a.m.

13. Upon returning home, Arizanovski continued to experience pain. Arizanovski reported to her second job at Henry Schien. Arizanovski explained to her supervisor at Henry Schien that she was experiencing pain in the stomach and that she had noticed bleeding. Arizanovski's supervisor at Henry Schien took her to St. Vincent Hospital where she discovered that she had suffered a miscarriage. Arizanovski subsequently underwent surgery.

14. Around February 23, 2009, Arizanovski filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) for violation of the Pregnancy Discrimination Act (PDA) and failure to accommodate Plaintiff under the ADA.

15. Subsequently, Arizanovski became pregnant again. On May 12, 2009, Dr. Galstian issued a second pregnancy/delivery statement restricting Arizanovski to lifting not more than ten (10) pounds.

16. As previously, Arizanovski presented the pregnancy/delivery statement to Defendant's management including the human resource office. Edie insisted that she continue to work and refused to place Arizanovski on light duty. On the other hand other female employees were given light duty during their pregnancy. Arizanovski fearful of losing another pregnancy insisted on light duty the way other employees were treated.

17. On May 16, 2009, an Assistant Manager instructed Arizanovski to complete a form in order to request time off work. On that same day, Arizanovski was given a medical leave form to complete. Two days later on May 18, 2009, Arizanovski contacted the payroll office to inquire about the medical leave she was being forced to take. The payroll representative told Arizanovski that they did not know the period of time Plaintiff needed to be off work and failed to provide any information to Plaintiff regarding salary.

18. Arizanovski requested that like other employees with different origin and background, she should be accommodated because she could not afford to miss her salary and therefore did not require leave under the Family and Medical Leave Act (FMLA). As a result, Arizanovski's employment with Wal-Mart was terminated. The reason given for her termination was pretextual and she was actually terminated on account of her pregnancy, subsequent medical conditions and national origin.

19. As a result of her termination, Arizanovski has suffered damages, including lost wages and non-pecuniary damages.

20. Arizanovski has exhausted her administrative remedies.

21. The conduct of Wal-Mart and its agents was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Arizanovski and constitute despicable conduct, and by reason thereof, Arizanovski demands exemplary and punitive damages against Defendant in an amount appropriate to make an example of Defendant.

22. The unlawful employment practices complained of in paragraph 8 through 19 were done with reckless indifference to the federally protected rights of Arizanovski.

23. As a direct and proximate result of these acts, Arizanovski suffered, and will continue to suffer, severe mental and emotional distress, all to her damage in amount according to proof.

24. Arizanovski has suffered, and will continue to suffer, serious mental health problems, including but not limited to depression, fear, anxieties, inability to function normally in her daily activities thereby inhibiting her chances for better employment.

## PRAYER FOR RELIEF

### Count I – Pregnancy/National Origin Discrimination and Retaliation
### (42 U.S.C. § 2000e *et seq.*)

25. Arizanovski incorporates by reference as though fully set forth herein paragraphs one (1) through twenty-four (24) of this Complaint (Complaint).

26. Wal-Mart discriminated against Arizanovski because of her national origin as an native Macedonian. Arizanovski's pregnancy was the determining factor in Wal-Mart decision not to accommodate Arizanovski in violation of Title VII of the Civil Rights Act of 1964, as amended.

27. Wal-Mart, by and through its agents, illegally retaliated against Arizanovski solely because Arizanovski filed charges of discrimination against Wal-Mart.

28. Wal-Mart's discriminatory conduct has caused, continues to cause, and will cause Arizanovski to suffer substantial damaged, future pecuniary losses, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

29. Pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), Arizanovski is entitled to recover compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses.

30. Pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § et seq.), Arizanovski is entitled to recover punitive damages from Wal-Mart for discriminating against Arizanovski with malice or reckless indifference to her federally protected rights.

31. Pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), Arizanovski is entitled to reasonable attorney's fees, including litigation expenses, and costs in this action.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### Count II – Negligent Supervision

32. Plaintiff incorporates by reference as though fully set forth herein paragraphs one (1) through twenty-four (24) of this Complaint.

33. Wal-Mart negligently failed to train its supervisors and administrative personnel regarding nondiscriminatory practices as required by the laws of the State of Indiana and the United States.

34. Beginning November 2009, and continuing thereafter, Wal-Mart knew, or in the exercise of reasonable care should have known, that its supervisors and agents were engaging in unlawful behavior described herein above. Despite such knowledge, power, and duty, Wal-Mart negligently failed to prevent, supervise, prohibit, control, regulate, discipline and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

35. Wal-Mart failed to implement a system to prevent discriminatory practices in the workplace pursuant to the laws of the State of Indiana and the United States.

36. As a direct and proximate result of Wal-Mart's conduct Arizanovski has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### Count III – Vicarious Liability – *Respondeat superior*

37. Plaintiff incorporates by reference as though fully set forth herein paragraphs one (1) through twenty-four (24) of this Complaint.

38. At all times material to this cause of action, Edie and Nyra were agents and/or employees of Wal-Mart and were at such times acting within the full course, scope and authority of their positions as supervisors, therefore, imputing liability to Wal-Mart for their conduct and resulting damages as outlined above under the principles of *respondeat superior*, the law of agency, the laws of the State of Indiana as applicable. Arizanovski is therefore entitled to general, compensatory, and punitive damages from Wal-Mart.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## Count IV – Intentional Infliction of Emotional Distress

39. Plaintiff incorporates by reference as though fully set forth herein paragraphs one (1) through twenty-four (24) of this Complaint.

40. The conduct of the Defendant was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Arizanovski and constitutes despicable conduct, by reason thereof, Arizanovski demands exemplary or punitive damages against Defendant in an amount appropriate to punish and deter Defendant and others from such conduct in the future.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## Count V – Negligent Infliction of Emotional Distress

41. Plaintiff incorporates by reference as though fully set forth herein paragraphs one (1) through twenty-four (24) of this Complaint.

42. In doing each and all of the acts alleged herein, Defendant engaged in a course of conduct which is grossly negligent, extreme and outrageous. Defendant engaged in said conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Arizanovski.

43. Defendant, despite knowledge and adequate opportunity to learn of the misconduct of their agents and employees, adopted, approved, and ratified the acts, omissions, and misconduct of their agents and employees.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, by counsel, requests this Court to grant her the following relief:

1. Judgment against Defendant for back and front pay and loss of employment benefits from the date of failure to promote, plus interest as allowed by law until paid in full. For compensatory, general, and punitive damages in an amount to be proven at trial.

2. For cost of suit, including attorney's fees, pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*);

3. For general damages in the sum according to proof; and

4. For such other and further relief as the Court may deem proper in the premises, including but not limited to injunctive relief and for the Court to prevent further and other conduct as alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests trial by jury of all appropriate issues in this case.

Respectfully submitted,

_____
Swaray E. Conteh, Atty. #18586-49
Attorney for Plaintiff
The Law Office of Swaray Conteh, LLC
6201 La Pas Trail, Suite 110
Indianapolis, Indiana 46268
Tel.: (317) 299-6414
Fax: (317) 299-6439