UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SVETLANA ARIZANOVSKA,          )<br>          Plaintiff,          )<br>                                        )<br>     vs.                              )<br>                                        )<br>WAL-MART STORES, INC.,     )<br>          Defendant.          ) | 1:09-cv-1404-RLY-DML |

**ORDER ON WAL-MART'S BILL OF COSTS**

On September 22, 2011, the court entered judgment in favor of defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), and against the plaintiff, Svetlana Arizanovska ("Plaintiff"), on Plaintiff's civil rights claims. Wal-Mart, as the prevailing party, then filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, seeking costs in the amount of $3,050.90. Plaintiff argues, in part, that the court should not require her to pay these costs due to her inability to pay.

A court may, in its discretion, deny costs based upon the non-prevailing party's indigence. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Because the prevailing party is generally awarded costs as a matter of course, this exception is "a narrow one." *Id*. at 636. Accordingly, the court may only deny costs if it makes a threshold factual finding that the non-prevailing party is "incapable of paying the court imposed costs at this time or in the future." *Id*. at 635 (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the non-prevailing party to produce

1

"'sufficient documentation to support such a finding.'" *Id*. (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*.

On August 23, 2012, the court ordered Plaintiff to submit additional documentation regarding her claim of indigency. Plaintiff submitted her affidavit, with supporting documentation, reflecting that her adjusted gross income in 2011 was $29,557.00; her monthly expenses to care for her mother and daughter is approximately $2,614.00; at least three (3) collection agencies are pursuing debts in excess of $4,100.00; and she is in indebted to eight other institutions, including Key Bank, Toyota Financial Services, and Aspen Dental, in the amount of $6,221.49. (Docket # 58). The court finds, given Plaintiff's current financial state, that she is unable to pay costs to Wal-Mart, and will not be able to do so in the future. Accordingly, Wal-Mart's request for costs is **DENIED**.

**SO ORDERED** this 9th day of January 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record